O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JUANITA SOUTAR,                          )  NO. CV 06-5889-E
                                         )
                    Plaintiff,           )
                                         )
          v.                             )  **MEMORANDUM OPINION**
                                         )
JO ANNE B. BARNHART, COMMISSIONER        )  **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION,       )
                                         )
                                         )
                    Defendant.           )
_____  )

     Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
judgment are denied and this matter is remanded for further
administrative action consistent with this Opinion.

# PROCEEDINGS

     Plaintiff filed a complaint on September 15, 2006, seeking
review of the Commissioner's denial of benefits.  The parties filed
a consent to proceed before a United States Magistrate Judge on
October 12, 2006.

1    Plaintiff filed a motion for summary judgment on March 2,
2    2007.  Defendant filed a cross-motion for summary judgment on
3    April 6, 2007.  The Court has taken both motions under submission
4    without oral argument.  See L.R. 7-15; "Order," filed September 19,
5    2006.

6

7              **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

8

9    Plaintiff asserts disability based primarily on alleged back
10   and knee problems (Administrative Record ("A.R.") 287-311).  At the
11   hearing before the Administrative Law Judge ("ALJ"), Plaintiff
12   testified she is five foot four and weighs 270-71 pounds (A.R. 304).
13   Plaintiff also testified that recent weight gain "hinders [her] from
14   doing a lot of things that I feel I could do" (A.R. 298).  At the
15   same hearing, Plaintiff's counsel represented to the ALJ that
16   Plaintiff "is in a formal weight-reduction program" and "it's
17   reasonable that – if she lost a significant amount of weight that it
18   might improve her symptoms" (A.R. 288).  The ALJ denied benefits
19   without mentioning Plaintiff's obesity (A.R. 13-23).  The Appeals
20   Council denied review (A.R. 5-7).

21

22                        **STANDARD OF REVIEW**

23

24   Under 42 U.S.C. section 405(g), this Court reviews the
25   Commissioner's decision to determine if: (1) the Commissioner's
26   findings are supported by substantial evidence; and (2) the
27   Commissioner used proper legal standards.  See Swanson v. Secretary,
28   763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

Social Security Ruling ("SSR") 02-1p provides that the Administration should consider "the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment . . .  The combined effects of obesity with other impairments may be greater than might be expected without obesity. . . . [W]e will explain how we reached our conclusions on whether obesity caused any physical or mental limitations." (emphasis added).[1/]

In the present case, the ALJ failed to discharge the Administration's responsibilities under SSR 02-1p.  If the ALJ failed to consider the possible effects of Plaintiff's obesity, the ALJ thereby erred.  Id.  If the ALJ did consider the possible effects of Plaintiff's obesity, but concluded that the obesity did not cause Plaintiff any limitation, the ALJ erred by failing to "explain how [he] reached [his] conclusions."  Id.; see Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003); see also Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("We are wary of speculating about the basis of the ALJ's conclusion . . ."); Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981) (ALJ's decision should include a statement of the subordinate factual foundations on which the ALJ's ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision).

///

_____

[1/]   Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

3

1    Defendant's reliance on <u>Burch v. Barnhart</u>, 400 F.3d 676 (9th

2   Cir. 2005) ("<u>Burch</u>") is misplaced.   In <u>Burch</u>, unlike the present

3   case, the ALJ acknowledged evidence of the claimant's weight gain,

4   expressly "recognized that [the claimant's] obesity likely

5   contributed to her back discomfort," and expressly "considered [the

6   claimant's] obesity in making [the ALJ's] determinations regarding

7   RFC and vocational ability."   <u>Burch</u> at 683-84.

8

9    The Court lacks sufficient information to determine whether

10   the ALJ's error was harmless.   <u>See, e.g.</u>, <u>Morris v. Barnhart</u>, 2004 WL

11   1238397 *4 (E.D. Pa. May 10, 2004) ("As the ALJ did not provide an

12   explanation in her report as to whether Plaintiff's obesity was

13   considered, the Magistrate Judge could not make a factual finding

14   that the plaintiff's obesity did not have an impact").

15

16    When a court reverses an administrative determination, "the

17   proper course, except in rare circumstances, is to remand to the

18   agency for additional investigation or explanation."   <u>INS v. Ventura</u>,

19   537 U.S. 12, 16 (2002) (citations and quotations omitted).   Remand is

20   proper where, as here, additional administrative proceedings could

21   remedy the defects in the decision.   <u>McAllister v. Sullivan</u>, 888 F.2d

22   599, 603 (9th Cir. 1989); <u>see generally</u> <u>Kail v. Heckler</u>, 722 F.2d

23   1496, 1497 (9th Cir. 1984).

24   ///

25   ///

26   ///

27   ///

28   ///

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 16, 2007.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2]   The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's arguments in favor of reversal rather than remand are unpersuasive.